UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LONNIE ANDREW BLESSING, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:25-CV-316-TLS-AZ |
| BRIAN WALKER and NICKOLAS KNATEL, | |
| Defendants. | |

**OPINION AND ORDER**

Lonnie Andrew Blessing, a prisoner without a lawyer, filed a complaint alleging two Noble County Sheriff's Deputies used excessive force while arresting him. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Blessing alleges Deputies Brian Walker and Nickolas Knatel unnecessarily threw him to the floor and injured him on May 16, 2023. Blessing did not place this complaint in the prison mail system until June 6, 2025. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). In some circumstances, "the

doctrine of equitable tolling may apply. Equitable tolling halts the limitations clock when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Herrera v. Cleveland*, 8 F.4th 493, 499 (7th Cir. 2021) (cleaned up).

Here, tolling does not apply. Blessing knew excessive force was used when he "was begging Defendants Brian Walker and Nickolas Knafel[sic] to stop hurting" him. ECF No. 1 at 2. He knew he had a claim because he has "been fighting to get the Body Cam Footage of the Serving of the Warrant" ever since. *Id*. Though he says he has not yet received any recordings, they were not a prerequisite to filing a complaint, and he finally filed this complaint without them. No extraordinary circumstance prevented him from filing before the statute of limitations expired on May 16, 2023, because he was able to make repeated requests for the Body Cam Footage and he was able to submit filings in his State criminal case on July 7, 2023, February 27, 2024, and April 28, 2025. *See State v. Blessing*, 92C01-2305-F1-493 (Whitley Circuit Court filed May 18, 2023).

Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (cleaned up). Because it is legally frivolous to bring a claim after the statute of limitations has expired, this case will be dismissed.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on June 27, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
